## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————

SCOTT RASMUS, on behalf of
himself and all others similarly
situated,

        Plaintiffs,

        v.

THE BANK OF NEW YORK
MELLON,

        Defendant.

———————————————————

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:18-cv-11518 _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant The Bank of New York

Mellon ("BNY Mellon") removes to the United States District Court for the District of

Massachusetts the class action described below from the Superior Court of Massachusetts, County

of Suffolk.

## I.    Background

1.    On February 4, 2016, Plaintiff Scott Rasmus filed a putative class action against

BNY Mellon in the Superior Court of Massachusetts, County of Suffolk, styled *Rasmus v. The*

*Bank of New York Mellon Corporation*, 1684CV00377-BLS1, alleging that BNY Mellon did not

pay him and other "analysts" overtime wages for hours worked over 40 in a given week in violation

of M.G.L. c. 151, §§ 1A-1B and M.G.L. c. 149, § 148.

2.    On November 10, 2017, Mr. Rasmus filed an Amended Complaint in which he (a)

changed the Defendant's name from "The Bank of New York Mellon Corporation" to "The Bank

of New York Mellon," (b) revised the definition of the putative class from "analysts" to

Accounting & Reporting Analysts ("ARAs"), and (c) added a claim that BNY Mellon did not pay Mr. Rasmus and other ARAs straight-time wages for hours worked between 37.5 and 40 hours in a given week in violation of M.G.L. c. 149, §§ 148, 150.

3.    On January 17, 2018, the Superior Court granted Mr. Rasmus's motion to certify his action as a class action pursuant to Mass. R. Civ. P. 23.

4.    As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the state-court action are attached to this Notice. *See Exhibits A-T.*

## II.    **Timeliness of Removal**

5.    On June 22, 2018 Mr. Rasmus sent BNY Mellon a settlement demand in the amount of "$8.65 million, inclusive of attorneys' fees, costs, and interest." *See Exhibit U.*

6.    Mr. Rasmus's settlement demand is the first paper that BNY Mellon received from Mr. Rasmus through service or otherwise that indicates that the amount-in-controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2) (i.e., $5 million).

7.    Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), this Notice is filed within 30 days after receipt by BNY Mellon of a paper from which it may be first ascertained that the case is removable. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (holding that clock for removal under 28 U.S.C. § 1332(d) began running upon defendant's receipt of plaintiff's pre-mediation settlement demand estimating $4.5 million in unpaid wages and $5 million in penalties); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that plaintiff's post-complaint letter demanding $250,000 to settle plaintiff's claims was an "other paper" under § 1446(b) where defendant had removed case under 28 U.S.C. § 1332(a)); *see also Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) ("The [Senate] Committee on the Judiciary explicitly stated that it 'favor[ed] the broad interpretation of 'other paper' adopted by some courts

to include deposition transcripts, discovery responses, settlement offers and other documents or occurrences that reveal the removability of a case.'") (quoting S. Comm. on the Judiciary, Class Action Fairness Act of 2005 ("CAFA"), S. Rep. No. 109-14 at 9 (Feb. 28, 2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 10)).

8.    In addition, although more than 1 year has passed since Mr. Rasmus filed his Complaint, *see* 28 U.S.C. § 1446(c)(1), removals based on CAFA are exempted from the "1-year limitation under section 1446(c)(1)." *See* 28 U.S.C. § 1453(b).

9.    Finally, class actions may be removed from state court to federal court "before or after the entry of a class certification order by the [state] court with respect to that action." *See* 28 U.S.C. § 1332(d)(8).

10.    Therefore, BNY Mellon's Notice is timely filed.

## III.    Venue

11.    The Superior Court of Massachusetts, County of Suffolk, is within this judicial district. *See* 28 U.S.C. § 101.

12.    Thus, venue is proper in this Court because it is the district "embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## IV.    Basis for Removal: CAFA

13.    Under CAFA, a defendant may remove an action filed in state court if (a) it was filed as a civil action under a statute or rule of judicial procedure authorizing an action to be brought as a class action, (b) there are at least 100 putative class members, (c) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), and (d) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### A.  Class-Action Requirement

14.    "[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

15.    In his Complaint, Mr. Rasmus stated that he brought "this class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of himself and all similarly situated individuals whom [BNY Mellon] employed as 'Analysts.'" *See Ex. A* ¶ 6. Similarly, in his Amended Complaint, Mr. Rasmus asserted that he brought his claims as a "class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of himself and all other ARAs whom [BNY Mellon] employed." *See Ex. P* ¶ 7. Finally, the state court certified Mr. Rasmus's class of ARAs pursuant to Mass. R. Civ. P. 23. *See Ex. R* at 6-12.

16.    Like Fed. R. Civ. P. 23, which provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members," *see* Fed. R. Civ. P. 23(a), Mass. R. Civ. P. 23 provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all," *see* Mass. R. Civ. P. 23(a). Indeed, state and federal courts in Massachusetts have recognized that Mass. R. Civ. P. 23 is the state analog of Fed. R. Civ. P. 23. *See Garcia v. E.J. Amusements of New Hampshire, Inc.*, 98 F. Supp. 3d 277, 282-83 (D. Mass. 2015) (citing *Salvas v. Wal-Mart Stores, Inc.*, 452 Mass. 337, 360-65 (2008) and *Sebago v. Tutunjian*, 85 Mass. App. Ct. 1119, 2014 WL 1874858 at *2 n.6 (2014) (unpub.), and stating that those cases "suggest that the Court should apply Fed. R. Civ. P. 23 in the same way that Massachusetts courts apply Mass. R. Civ. P. 23 to classes based on wage claims); *Holzman v. General Motors Corp.*, No. 02-1368, 2007 WL 7085064 (Mass. Super. 2007) (recognizing that Mass. R. Civ. P. 23 shares "the familiar checklist" of "numerosity, commonality, typicality,

adequacy, predominance, and superiority" with "its federal counterpart, Fed. R. Civ. P. 23(a) and (b)(3)").

17.    Accordingly, this matter satisfies the class-action element of CAFA removal.

### B. Number of Class Members

18.    CAFA removal is appropriate where the class consists of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

19.    The Superior Court has found that the class contains approximately 140 members. *See Ex. R* at 7.

20.    Hence, the class satisfies the threshold set forth in 28 U.S.C. § 1332(d)(5)(B).

### C. Minimal Diversity

21.    Minimal diversity is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See id.* § 1332(d)(2)(A).

22.    Mr. Rasmus is a natural person who resides in Fall River, Massachusetts. *See Ex. P* ¶ 1. For purposes of diversity jurisdiction, Mr. Rasmus is a citizen of Massachusetts.

23.    BNY Mellon is incorporated in New York with a principal place of business in New York. *See* Affidavit of Audrey M. Edwards (July 19, 2018) at ¶ 3. For purposes of diversity jurisdiction, BNY Mellon is a citizen of New York.

24.    As a result, the citizenship of at least one class member (Mr. Rasmus) is different from the citizenship of the only Defendant (BNY Mellon), and CAFA's minimal-diversity requirement is met.

### D. The Aggregate Amount in Controversy

25.    Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

26.    In a settlement demand dated June 22, 2018, Mr. Rasmus asserts that the amount in controversy is $8.65 million, inclusive of attorneys' fees, costs, and interest.[1] *See Ex. U* at 2. Mr. Rasmus determined this amount by calculating the class's alleged damages based on his interpretation of data that BNY Mellon had provided to him and trebling those alleged damages (ostensibly) pursuant to M.G.L. c. 149, § 150 and/or M.G.L. c. 151, § 1B. *See id.*[2]

27.    Mr. Rasmus's settlement demand suffices to show that the amount in controversy exceeds the jurisdictional threshold of $5 million. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("[P]laintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim'") (quoting *Cohn v. PetSmart, Inc.*, 281 F.3d 813, 837, 840 (9th Cir. 2002)); *Yaralian v. Home Depot U.S.A., Inc.*, No. 15, 2015 WL 8374911, at *3 (C.D. Cal. Dec. 9, 2015) (finding 28 U.S.C. § 1332(a)'s amount-in-controversy requirement satisfied where, among other things, plaintiff's settlement demand exceeded $75,000 and "outline[d] in a reasonable manner the basis for [p]laintiff's settlement amount.").[3]

28.    Although Mr. Rasmus has withdrawn that settlement demand, he has not served a revised demand that does not exceed the jurisdictional threshold or stipulated that the amount in

---

[1] Attorneys' fees must be considered when determining the amount in controversy because M.G.L. c. 151, § 1B and M.G.L. c. 149, § 150 explicitly permit the recovery of attorneys' fees. *See Romulus*, 770 F.3d at 67, n.15.

[2] When a statute allows for, or requires, multiple damages, such damages are considered when determining the amount in controversy. *See, e.g., Law Office of Joseph J. Cariglia, P.C. v. Jelly*, 146 F. Supp. 3d 251, 254 (D. Mass. 2015) ("The amount in controversy includes statutory multipliers of damages, such as the treble damages provision in Mass. Gen. Laws ch. 93A."); *Lopez v. U.S. Bank Nat. Ass'n*, No. 14-CV-11944-MGM, 2014 WL 4928883, at *2 (D. Mass. Sept. 30, 2014) ("[W]hen double or treble damages are permitted pursuant to state statute, the district court should consider the multiplied amount when determining the amount in controversy in a case."); *Silverstein v. ING Bank, fsb*, No. CIV.A. 12-10015-GAO, 2012 WL 4340587, at *1 (D. Mass. Sept. 21, 2012) ("The plaintiff seeks treble damages under § 93A, increasing the amount in controversy to $6,388,728, well over the jurisdictional threshold.").

[3] Fed. R. Evid. 408 does not prohibit the use of settlement offers to show the amount in controversy. *See McPhail*, 529 F.3d at 956; *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (Easterbrook, J.); *Cohn*, 281 F.3d at 840 n.3.

controversy does not exceed $5 million, despite BNY Mellon's request that he do so. Mr. Rasmus's refusal to stipulate that the class's damages do not exceed $5 million is further evidence that the amount-in-controversy requirement is satisfied. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *see also, e.g., Jones v. Home Depot USA, Inc.*, No. CIV.A. 12-12202-RWZ, 2013 WL 1282356, at *1 (D. Mass. Mar. 29, 2013) ("If the plaintiff seeks remand, he should stipulate that the total amount he can recover . . . is limited to $74,999. Otherwise, defendant will be entitled to federal jurisdiction because it will have carried its burden to show a reasonable probability that the amount in controversy is greater than the jurisdictional amount."); *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) ("Defendant's counsel attempted to seek an agreement with plaintiff's counsel to limit plaintiff's damages to $75,000 so as to avoid removal to federal court . . . , but plaintiff has not responded to that offer. She could easily defeat removal by simply stipulating an award of less than $75,001, but has not done so."); *Bernier v. Unicco Serv. Co.*, No. CIV. 04-280-P-C, 2005 WL 767443, at *1 & n.2 (D. Me. Feb. 7, 2005) (denying plaintiff's motion for remand and "not[ing] that Plaintiff's counsel is unwilling to stipulate to an amount in controversy below the jurisdictional threshold").

### E.  Inapplicability of CAFA Exceptions

29.    Although there are exceptions to CAFA jurisdiction, none of them apply to this matter because BNY Mellon is not a citizen of Massachusetts. *See* 28 U.S.C. § 1332(d)(3) (providing the Court with discretion to decline to exercise jurisdiction over class action where, among other things, "the primary defendants are citizens of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) (requiring Court to decline to exercise

jurisdiction over class action where, among other things, a defendant "is a citizen of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(B) (requiring Court to decline to exercise jurisdiction over class action where, among other things, "the primary defendants, are citizens of the State in which the action was originally filed").

**V.     Miscellaneous Procedural Items**

30.     As required by 28 U.S.C. § 1446(d), counsel for BNY Mellon will serve written notice of this Notice of Removal on counsel for Mr. Rasmus and will file a copy of it with the Clerk of the Superior Court of Massachusetts, County of Suffolk.

31.     BNY Mellon will file with the Court attested copies of all records, proceedings, and docket entries in the state court within 28 days of removal, pursuant to Local Rule 81.1.

**VI.     Reservation of Rights**

32.     By removing this matter, Defendant does not waive, or intend to waive, any defense or affirmative defense, or admit or concede that this matter was properly certified as a class action or that Mr. Rasmus and the class of individuals whom he represents are entitled to relief exceeding $5 million or any relief whatsoever.

**WHEREFORE**, BNY Mellon respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Massachusetts, County of Suffolk, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

THE BANK OF NEW YORK MELLON

By its attorneys,


/s/ Francesco A. DeLuca
Patrick M. Curran, Jr. (BBO # 659322)
Francesco A. DeLuca (BBO # 692138)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
patrick.curran@ogletree.com
francesco.deluca@ogletree.com


Dated:  July 20, 2018

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on July 20, 2018, a true and accurate copy of the foregoing document was served on Plaintiff's counsel of record by email and first class mail as follows:

        Brook S. Lane, Esq.
        Stephen Churchill, Esq.
        Fair Work P.C.
        192 South Street, Suite 450
        Boston, MA 02111
        brook@fairworklaw.com
        steve@fairworklaw.com

                  /s/ Francesco A. DeLuca
                  Francesco A. DeLuca

34868809.1

10